UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -against-

MARKEEN JORDAN,

           Defendant.

No. 17 Cr. 283 (LAP)

ORDER

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

    Before the Court is Defendant Markeen Jordan's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. no. 371.)  For the reasons set forth below, the request is denied.

### Background

    Mr. Jordan is no stranger to the criminal justice system. In 2010, he was convicted of attempted criminal possession of a weapon and sentenced to one year imprisonment.  (Presentence Report ("PSR") ¶ 68.)  In 2012, Mr. Jordan participated in an armed robbery with several co-conspirators in which the victim was shot multiple times.  Defendant was convicted and sentenced to five years imprisonment.  (PSR ¶ 69.)  In 2013, Mr. Jordan was convicted of participating in a narcotics conspiracy and sentenced to 30 months' imprisonment.  (PSR ¶ 70.)  Upon his release from federal custody, Mr. Jordan was returned to state custody to complete his previous sentence.  He was released from state custody in November of 2016 and placed on state parole and

1

federal supervised release.  Despite his being on state parole and federal supervised release, Mr. Jordan joined a violent drug trafficking organization operating on Davidson Avenue, a residential block, in the Bronx.  In January of 2020, he was sentenced to 72 months' imprisonment to be followed by 15 years of supervised release.

Mr. Jordan has also amassed multiple disciplinary sanctions during his federal incarceration.  In November 2017, he was sanctioned for refusing to obey an order; in August of 2018, he was sanctioned for assault without serious injury; and in June of 2019, he was sanctioned for fighting with another inmate.  (See PSR at ¶¶ 8-10.)

Defendant submitted a request for compassionate release to the BOP on June 7, 2020, and the Warden denied it on June 17.

**Applicable Law**

A court "may not modify a term of imprisonment once it has been imposed except that":

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth

>in section 3553(a) to the extent that they are applicable, if it finds that--
>
>(i) extraordinary and compelling reasons warrant such a reduction;
>
>* * * *
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(1)(A).

The "applicable policy statements" referenced in the statute are found at Section 1B1.13 of the United States Sentencing Guidelines. Because the statute requires that a ruling concerning compassionate release be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A), Section 1B1.13 is binding on the Court. See Dillon v. United States, 560 U.S. 817, 826-27 (2010) (where Section 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).

Section 1B1.13 provides that a reduction of sentence is permitted if: (1) "extraordinary and compelling reasons warrant the reduction; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent

with this policy statement." U.S.S.G. § 1B1.13. As relevant here, section 1B1.13 provides for the possibility of a sentence reduction, assuming all other requirements are met, in the following circumstances:

> (A) Medical Condition of the Defendant.--
>
> (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is--
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1.

As the proponent of the motion, the defendant bears the burden of proving "extraordinary and compelling reasons" exist under the above criteria to justify early release. See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a

4

given issue normally has the burden of proof as to that issue.").

### Discussion

Mr. Jordan bases his request for compassionate release on his representation that he suffers from G6PD Deficiency, which he states is an inherited "condition causing red blood cells to break down in response to certain medication, infections or other stressors."  He asserts that, due to his condition, he could not be treated with normal antiviral drugs and that, should he contract COVID-19, he would likely not survive.

Mr. Jordan's medical records (attached to the Government's papers but maintained under seal), however, do not reflect G6PD Deficiency or any other underlying health condition, other than anemia.  Defendant did report that he is allergic to aspirin, which he asserts is a side effect of G6PD.

First, assuming Mr. Jordan suffers from G6PD Deficiency, that condition, even with the COVID-19 issue, does not constitute extraordinary and compelling reasons warranting release.  The Government's papers reference the precautions taken within the BOP to minimize the spread of the virus, and it does not appear that Mr. Jordan is currently taking any medications or in need of medical attention.  He does not suffer from a terminal illness or a condition that substantially diminishes his ability to provide self-care within the

facility.  Thus, Defendant has not carried his burden of demonstrating extraordinary and compelling circumstances warranting release.

Second, even if Defendant had demonstrated extraordinary and compelling circumstances warranting release, his criminal history and history of disciplinary infractions persuades the Court that he remains a danger to his community.  As noted above, in 2010, Mr. Jordan attempted criminally to possess a weapon, and in 2012, participated in an armed robbery where the victim was shot multiple times.  He has two federal drug trafficking convictions, the second committed while on both state parole and federal supervised release.  As if Defendant's lack of respect for the law is not already apparent, as also noted above, he has also suffered multiple disciplinary sanctions while in federal custody.  The Court further notes that Mr. Jordan's previous sentences of incarceration, which were not insubstantial, have not dissuaded him from further criminal conduct.  Thus, the Court finds that, if released, Mr. Jordan would pose a substantial danger to the community.

**Conclusion**

For the reasons set out above, Mr. Jordan's request for compassionate release (dkt. no. 371) is denied.

SO ORDERED.

Dated:  September 15, 2020
        New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.